IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GLEN AND MINDY SHIELD, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| THE CITY OF AUSTIN, TEXAS, AND | § | |
| UNNAMED ONSITE POLICE | § | |
| SUPERVISORS, OFFICERS, | § | |
| HUGH BUTLER, PETER KOVACH, | § | CIVIL ACTION NO. 1:25-CV-1210-DAE |
| "O.O" (ADAMS?), SHANE HOUSMANS, | § | |
| UNNAMED OFFICERS, BYSTANDER, | § | |
| MARISA GIGLIO, UNNAMED | § | |
| BYSTANDERS, AND TEXAS | § | |
| DEPARTMENT OF PUBLIC SAFETY | § | |
| ONSITE SUPERVISOR, CAPT. JOHN | § | |
| MILLER, INDIVIDUALLY, AND | § | |
| ALL APD SUPERVISORS, OFFICERS, | § | |
| AND BYSTANDERS, ARE SUED IN | § | |
| THEIR INDIVIDUAL CAPACITIES | § | |
|     Defendants. | § | |

## CITY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the City of Austin, Hugh Butler, Peter Kovach, Shane Housmans, and Marisa Giglio (collectively "City Defendants") and file this Original Answer and Affirmative Defenses to Plaintiffs' Original Complaint as follows:

**RESPONSE TO 1ST UNNUMBERED PARAGRAPH ON PAGE #1**: City Defendants lack sufficient information to admit or deny the allegations in the first unnumbered paragraph on page 1.

**RESPONSE TO 2ND UNNUMBERED PARAGRAPH ON PAGE #2**: City Defendants admit that shortly after 9:00 p.m., at least one bullet entered Plaintiffs' home and that Defendant Hugh

Butler drew his pistol and ordered Plaintiff Glen Shield out of his house after he failed to comply with Officer Butler's instructions, "Hey, put the gun down," "Sir, put the gun down now," and "Come out with your hands up, do it now," instead retreating into his house. When Plaintiff Glen Shield reemerged, Officer Butler shouted, "Walk out, walk out. Keep your hands up. Any movements and I will fucking kill you." Otherwise, City Defendants deny the allegations of the second unnumbered paragraph on page 2.

**RESPONSE TO 3RD UNNUMBERED PARAGRAPH ON PAGE #2**: City Defendants admit that Plaintiff Mindy Shield exited the house after Plaintiff Glen Shield, and both were detained. Otherwise, City Defendants deny the allegations of the third unnumbered paragraph on page 2.

**RESPONSE TO 4TH UNNUMBERED PARAGRAPH ON PAGE #2**: City Defendants admit that a 911 call for a welfare check at 10028 Channel Island Drive, Austin, TX 78747 was received at 6:55 p.m. on August 6, 2023. City Defendants admit that at approximately 9:00 p.m., Detectives Van Buren and Jackson opened the front door, announced "Austin Police," retreated when Detective Jackson spotted Dwayne Brzozowski with a gun, and Mr. Brzozowski began shooting. Otherwise, City Defendants deny the allegations of the fourth unnumbered paragraph on page 2.

**RESPONSE TO 5TH UNNUMBERED PARAGRAPH ON PAGE #3**: City Defendants admit that Detective Jackson retreated to Plaintiffs' open garage.  Otherwise, City Defendants deny the allegations of the fifth unnumbered paragraph on page 3.

**RESPONSE TO 6TH UNNUMBERED PARAGRAPH ON PAGE #3**: City Defendants admit that Plaintiffs were detained and placed in separate APD patrol vehicles, that Plaintiffs were released and driven to a neighbor's home within minutes after Dwayne Brzozowski was taken into custody, and that the City of Austin's claims investigator denied Plaintiff Glen Shield's claim for damages. The City Defendants admit that the Texas Department of Public Safety ("DPS") used

explosives to enter the Shield's house.  Otherwise, City Defendants deny the allegations of the sixth unnumbered paragraph on page 3.

**RESPONSE TO 7TH UNNUMBERED PARAGRAPH ON PAGE #3**: City Defendants admit that Defendant Shane Housmans obtained a search warrant for Plaintiffs' home.  City Defendants deny that the APD search was illegal or obtained in violation of Plaintiffs' rights.  Otherwise, City Defendants lack sufficient information to admit or deny the remainder of the allegations in the seventh unnumbered paragraph on page 3.

**RESPONSE TO 8TH UNNUMBERED PARAGRAPH ON PAGE #4**: City Defendants admit that in the early morning hours of August 7, 2023, Chief Chacon briefed the press and stated that the Department of Public Safety helped APD "stabilize" the scene. The City Defendants admit that the DPS used explosives to enter the Shield's house. Otherwise, City Defendants deny the allegations in the eighth unnumbered paragraph on page 3.

**RESPONSE TO 9TH UNNUMBERED PARAGRAPH ON PAGE #4**:  City Defendants admit that Plaintiff Glen Shield filed a claim for damages with the City of Austin Law Department and that the Claims Investigator denied Mr. Shield's claim for damages on August 18, 2023. Otherwise, City Defendants deny the allegations of the ninth unnumbered paragraph on page 4.

**RESPONSE TO 10TH UNNUMBERED PARAGRAPH ON PAGE #5**: City Defendants deny the allegations of the tenth unnumbered paragraph on page 5.

**RESPONSE TO 11TH UNNUMBERED PARAGRAPH ON PAGE #5**: City Defendants admit the allegations of the eleventh unnumbered paragraph on page 5.

**RESPONSE TO 12TH UNNUMBERED PARAGRAPH ON PAGE #6**: City Defendants deny the allegations of the twelfth unnumbered paragraph on page 6.

**RESPONSE TO 13TH UNNUMBERED PARAGRAPH ON PAGE #6**: City Defendants admit that Plaintiffs' claims allege violations of their rights under the Fourth, Fifth, and Fourteenth Amendments pursuant to 28 U.S.C. § 1983, under *Monell v. New York City Department of Civil Services*, 436 U.S. 658 (1978), and conspiracy under 42 U.S.C. § 1985. Otherwise, City Defendants deny the allegations of the thirteenth unnumbered paragraph on page 6.

1.      City Defendants lack sufficient information to admit or deny the allegations in paragraph 1.

2.      In response to paragraph 2, Defendant City of Austin admits that it is a Texas municipal governmental entity, and that it may be served at the listed address.

3.      In response to paragraph 3, City Defendants admit that Defendant Hugh Butler is an APD police officer, who has been sued in his individual capacity and has been served.  Otherwise, City Defendants deny the allegations of paragraph 3.

4.      In response to paragraph 4, City Defendants admit that Defendant Peter Kovach is an APD police officer, who has been sued in his individual capacity and has been served. Otherwise, City Defendants deny the allegations of paragraph 4.

5.      City Defendants lack sufficient information to admit or deny the allegations in paragraph 5.

6.      In response to paragraph 6, City Defendants admit that Defendant Shane Housmans is an APD police officer, who has been sued in his individual capacity and has been served.  Otherwise, City Defendants deny the remaining allegations of paragraph 6.

7.      In response to paragraph 7, City Defendants admit that Defendant Marisa Giglio is an APD police officer, who has been sued in her individual capacity and has been served.  Otherwise, City Defendants deny the remaining allegations of paragraph 7.

4

8.      City Defendants lack sufficient information to admit or deny the allegations in paragraph 8.

9.      City Defendants lack sufficient information to admit or deny the allegations in paragraph 9.

10.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 10.

11.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 11.

12.     City Defendants deny the allegations of paragraph 12.

13.     In response to paragraph 13, City Defendants admit that Plaintiffs allege a claim under 42 U.S.C. § 1983; therefore, Plaintiffs have invoked this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. City Defendants deny all claims for relief.

14.     In response to paragraph 14, City Defendants admit that Plaintiffs allege Texas state law claims; therefore, Plaintiffs have invoked this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. City Defendants deny all claims for relief.

15.     In response to paragraph 15, City Defendants admit that venue is proper in the U.S. District Court for the Western District of Texas.

16.     City Defendants admit that Defendants Hugh Butler, Peter Kovach, Shane Housmans, and Marisa Giglio are law enforcement officers with the APD and acted under color of law and in their official capacities as employees of the City of Austin. Otherwise, City Defendants deny the allegations of paragraph 16.

17.     City Defendants deny the allegations of paragraph 17.

18.    City Defendants admit that they acted under color of state law.  Otherwise, City Defendants deny the allegations of paragraph 18.

19.    City Defendants deny the allegations of paragraph 19.

20.    City Defendants deny the allegations of paragraph 20.

21.    City Defendants admit that the Chief of Police of the City of Austin promulgates policies related to the training and supervision of APD officers. Otherwise, City Defendants deny the allegations of paragraph 21.

22.    City Defendants admit that the Chief of Police promulgates policies related to APD operations including the training and supervision of its officers. Otherwise, City Defendants deny the allegations of paragraph 22.

23.    City Defendants admit that the Chief of Police promulgates policies and procedures. The City Defendants admit that general orders and other policies of APD are publicly available and speak for themselves.  Otherwise, City Defendants deny the allegations of paragraph 23.

24.    City Defendants admit that the Chief of Police oversees the training and supervision of APD officers.  Otherwise, City Defendants deny the allegations of paragraph 24.

25.    City Defendants deny the allegations of paragraph 25.

26.    City Defendants deny the allegations of paragraph 26.

27.    City Defendants deny the allegations of paragraph 27.

28.    City Defendants admit that the report by Kroll Associates speaks for itself. Otherwise, City Defendants deny the allegations of paragraph 28.

29.    City Defendants admit that Judge Pitman's March 27, 2025 Order in *Gonzalez v. City of Austin* contains statements about the Kroll Report and that the content of the order speaks for itself. Otherwise, City Defendants deny the allegations of paragraph 29.

30.     City Defendants deny the allegations of paragraph 30.

31.     The City Defendants admit that the DPS used explosives to enter the Shield's house. Otherwise, the City Defendants deny the remaining allegations in paragraph 31.

32.     The City Defendants admit that the DPS used explosives to enter the Shield's house. Otherwise, the City Defendants lack sufficient information to admit or deny the allegations in paragraph 32.

33.     City Defendants deny the allegations in paragraph 33.

34.     Captain John Miller's answer admits that he was the on-site DPS supervisor on August 6, 2023, who coordinated tactical entry into 10100 Channel Island Drive. Otherwise, City Defendants deny the allegations of paragraph 34.

35.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 35.

36.     The City Defendants admit that the DPS used explosives to enter the Shield's house. Otherwise, the City Defendants lack sufficient information to admit or deny the allegations in paragraph 36.

37.     The City Defendants admit that the DPS used explosives to enter the Shield's house. The City Defendants admit that Plaintiffs submitted a claim for damages with the City of Austin Law Department. City Defendants lack sufficient information to admit or deny the allegations in paragraph 37.

38.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 38.

39.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 39.

40.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 40.

41.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 41.

42.     City Defendants deny the allegations in paragraph 42.

43.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 43.

44.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 44.

45.     City Defendants admit that gunshots were fired outside Plaintiffs' home and that at least one bullet entered the Plaintiffs' home. City Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 45.

46.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 46.

47.     City Defendants admit that Officer Jackson stated "Hey, hey don't shoot me, I'm a cop," "Hey, don't shoot me," and "Don't shoot me man, please." Otherwise, City Defendants deny the allegations of paragraph 47.

48.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 48.

49.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 49.

50.     City Defendants admit that at least one bullet that entered Plaintiffs' home was from an officer's pistol.  Otherwise, City Defendants deny the allegations of paragraph 50.

51.     City Defendants admit that one bullet penetrated a wooden liquor cabinet. City Defendants lack sufficient information to admit or deny the remainder of the allegations in paragraph 51.

52.     City Defendants admit that a singular circular bullet defect was located on the northern window near the living room. City Defendants lack sufficient information to admit or deny the remainder of the allegations in paragraph 51.

53.     City Defendants deny that Officer Jackson recklessly fired his pistol. City Defendants lack sufficient information to admit or deny the remainder of the allegations in paragraph 53.

54.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 54.

55.     City Defendants admit that Dwayne Brzozowski retreated into his home at 10028 Channel Island Drive, Austin, TX 78747, at 9:17 p.m. following the exchange of gunfire with Detectives Van Buren and Jackson. Otherwise, City Defendants deny the allegations in paragraph 55.

56.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 56.

57.     City Defendants admit that Glen Shield called 911. Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 57.

58.     City Defendants admit that both Plaintiff Glen Shield and Plaintiff Mindy Shield called 911. Otherwise, City Defendants lack sufficient information to admit or deny the allegations of paragraph 58.

59.     City Defendants admit that at 9:05 p.m. an APD radio transmission stated that the subject was hiding behind a white pickup. Otherwise, City Defendants deny the allegations of paragraph 59.

60.    City Defendants admit that there was not a white pickup parked in Plaintiffs' driveway. City Defendants deny the remaining allegations of paragraph 60.

61.    City Defendants deny the allegations of paragraph 61.

62.    City Defendants admit that Defendant Hugh Butler arrived at the intersection of Minute Man Pass and Channel Island Drive at approximately 9:06 p.m.

63.    City Defendants admit that Detective Jackson told Officer Lindeman that the shooter was at the red brick house.  City Defendants deny the remaining allegations of paragraph 63.

64.    City Defendants deny the allegations of paragraph 64.

65.    City Defendants admit that when Officer Lindeman escorted Detective Jackson to the medical center, Detective Jackson told Officer Lindeman that the suspect shooter was at the house across the street.

66.    City Defendants deny the allegations of paragraph 66.

67.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 67.

68.    City Defendants admit that Officer Butler shouted, "Any movements and I will fucking kill you," and "Turn around." Otherwise, City Defendants deny the allegations of paragraph 68.

69.    City Defendants admit that Officer Butler instructed Plaintiff Glen Shield to "get down on your knees," after which Plaintiff Glen Shield got down on his knees. Otherwise, City Defendants deny the allegations of paragraph 69.

70.    City Defendants deny that Officer Butler handcuffed Plaintiff Glen Shield.  Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 70.

71.    City Defendants admit that the Shields were placed in the back of separate police cars.  City Defendants deny the remainder of the allegations of paragraph 71.

72.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 72.

73.    City Defendants admit that Plaintiff Glen Shields spoke with Officer Perez.  Otherwise, City Defendants deny the allegations of paragraph 73.

74.    City Defendants admit that at 9:12 p.m., an APD radio transmission stated that the red brick house is the target house, and the subject was a white male, bald, wearing no shirt.  Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 74.

75.    City Defendants admit that Detective Van Buren stated, "that's the wrong frickin' house." Otherwise, City Defendants deny the allegations of paragraph 75.

76.    City Defendants admit that Officer Marshall stated "let them do business."  Otherwise, City Defendants deny the allegations of paragraph 76.

77.    City Defendants admit that Detective Van Buren stated over the radio that "gunshots came from the original address, small brick house on the left of the white GMC."  Otherwise, City Defendants deny the allegations of paragraph 77.

78.    City Defendants admit that at 9:21 p.m., a 911 caller reported that he was locked up in the back of a police car and wants out. Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 78.

79.    City Defendants admit that Detective Van Buren provided Officer Lindeman with a description of the suspect's house and a description of the shooter.  Otherwise, City Defendants deny the allegations in paragraph 79.

80.    City Defendants deny the allegations of paragraph 80.

81.    City Defendants admit that Detective Van Buren stated, "that's the wrong frickin' house." Otherwise, City Defendants deny the allegations of paragraph 81.

82.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 82.

83.     City Defendants admit that Detective Pena told Plaintiff Glen Shield, "You're not in trouble right now, I just need to get a story."  Otherwise, City Defendants deny the allegations of paragraph 83.

84.     City Defendants admit that APD was given ring camera footage from a neighbor's home. Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 84.

85.     City Defendants admit that Detective Pena told Plaintiff Glen Shield, "You're being detained because there's part of a crime scene going on here."  Otherwise, City Defendants deny the allegations of paragraph 85.

86.     City Defendants admit that Detective Pena told Plaintiff Glen Shield, "They should have let you out of hand cuffs a while ago."  Otherwise, City Defendants deny the allegations of paragraph 86.

87.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 87.

88.     City Defendants admit that Detective Pena told Plaintiff Mindy Shield, "Unfortunately, it's something we cannot accommodate right now."  Otherwise, City Defendants deny the allegations of paragraph 88.

89.     City Defendants admit that at approximately 12:09 a.m., Plaintiffs were released, told that they could not return to their home, and driven to a neighbor's home.  City Defendants deny the remainder of the allegations of paragraph 89.

Case 1:25-cv-01210-DAE    Document 24    Filed 10/14/25    Page 13 of 31

90.     City Defendants admit that Detectives Jackson and Van Buren responded to a 911 call received at 6:55 p.m. requesting a welfare check, and they arrived at 10028 Channel Island Drive, Austin, TX, at approximately 7:58 p.m. Otherwise, City Defendants deny the allegations of paragraph 90.

91.     City Defendants admit that Detectives Van Buren and Jackson attempted to access the back door of 10028 Channel Drive but were unable to due to the overgrown grass in the backyard. Otherwise, City Defendants deny the allegations of paragraph 91.

92.     City Defendants admit that Detectives Van Buren and Jackson return to the front door to force entry and Detective Van Buren states, "I am confident in my giant-ness" and forcibly opened the door.  Otherwise, City Defendants deny the allegations of paragraph 92.

93.     City Defendants admit that body camera footage shows Detective Jackson announcing that Dwayne Brzozowski has a gun after which both Detective Jackson and Detective Van Buren retreat from 10028 Channel Island Drive.  Otherwise, City Defendants deny the allegations of paragraph 93.

94.     City Defendants admit that at approximately 9:00 p.m., Dwayne Brzozowski fired a shotgun at Detectives Jackson and Van Buren, that Detective Van Buren returned fire, and that Detective Jackson retreated to the garage at 10100 Channel Island Drive.  Otherwise, City Defendants deny the allegations of paragraph 94.

95.     City Defendants lack sufficient information to admit or deny the allegation in paragraph 95.

96.     City Defendants admit the allegations in paragraph 96.

97.     City Defendants lack sufficient information to admit or deny the allegations in paragraph 97.

98.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 98.

99.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 99.

100.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 100.

101.    City Defendants admit that a bullet penetrated a wooden liquor cabinet. City Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 101.

102.    City Defendants admit the allegations in paragraph 102.

103.    City Defendants deny rupturing a gas line. City Defendants lack sufficient information to admit or deny the allegations in paragraph 103.

104.    City Defendants admit that Defendant Shane Housmans prepared and signed a search warrant affidavit for 10100 Channel Island Drive and transferred it to Municipal Judge Pamela Jackson Sigman at 12:03 a.m., August 7, 2025, via cloud docket.  City Defendants deny the remaining allegations of paragraph 104.

105.    City Defendants admit that on August 18, 2023, the Claims Investigator for the City of Austin Law Department denied Plaintiff Glen Shield's claim for damages.  Otherwise, City Defendants deny the allegations of paragraph 105.

106.    City Defendants admit that no officer was disciplined. City Defendants deny the remaining allegations of paragraph 106.

107.    City Defendants admit that Plaintiff Glen Shield contacted the City of Austin Law Department by email regarding his claim for damages. Otherwise, City Defendants deny the allegations of paragraph 107.

14

108.    City Defendants admit the allegations of paragraph 108.

109.    City Defendants admit that Plaintiff Glen Shield contacted Internal Affairs by email on December 13, 2023, February 6, 2024, February 14, 2024, April 25,2024, and October 8, 2024. Otherwise, City Defendants deny the allegations of paragraph 109.

110.    City Defendants admit that Plaintiff Glen Shield submitted an online complaint to the Office of Police Oversight on October 15, 2024. Otherwise, City Defendants deny the allegations of paragraph 110.

111.    City Defendants deny the allegations of paragraph 111.

112.    City Defendants admit that APD's Internal Affairs had an internal 180-day deadline of February 2, 2024. Otherwise, City Defendants deny the allegations of paragraph 112.

113.    City Defendants admit that the APD's Internal Affairs case was administratively closed on December 18, 2024.

114.    City Defendants admit that in response to Plaintiff Glen Shield's December 27, 2024 email to Internal Affairs, Internal Affairs emailed Mr. Shield on December 31, 2024, informing him that the case had been closed. Otherwise, City Defendants deny the allegations of paragraph 114.

115.    City Defendants admit that Internal Affairs' December 31, 2024, email to Mr. Shield informed him that the case had been closed and provided instructions on how to obtain more information about the case. Otherwise, City Defendants deny the allegations of paragraph 115.

116.    City Defendants deny the allegations of paragraph 116.

117.    City Defendants deny any alleged violation of Plaintiffs' rights. Otherwise, paragraph 117 does not allege facts and therefore requires no response.

118.    City Defendants deny any alleged violation of Plaintiffs' rights. Otherwise, paragraph 118 does not allege facts and therefore requires no response.

119.    City Defendants deny the allegations of paragraph 119.

120.    City Defendants deny the allegations of paragraph 120.

121.    City Defendants deny the allegations of paragraph 121.

122.    City Defendants deny the allegations of paragraph 122

123.    Paragraph 123 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 123.

124.    Paragraph 124 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 124.

125.    Paragraph 125 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 125.

126.    Paragraph 126 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 126.

127.    Paragraph 127 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 127.

128.    Paragraph 128 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 128.

129.    Paragraph 129 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 129.

130.    Paragraph 130 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 130.

131.    Paragraph 131 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations in paragraph 131.

132.    City Defendants deny the allegations of paragraph 132.

133.    City Defendants deny the allegations of paragraph 133.

134.    City Defendants deny the allegations of paragraph 134.

135.    City Defendants deny the allegations of paragraph 135.

136.    City Defendants deny the allegations of paragraph 136.

137.    City Defendants deny the allegations of paragraph 137.

138.    City Defendants admit that Defendant Hugh Butler did not file a supplemental report.  City

Defendants deny the remaining allegations of paragraph 138.

139.    City Defendants deny the allegations of paragraph 139.

140.    City Defendants deny the allegations of paragraph 140.

141.    City Defendants deny the allegations of paragraph 141.

142.    City Defendants deny the allegations of paragraph 142.

143.    City Defendants deny the allegations of paragraph 143.

144.    City Defendants deny the allegations of paragraph 144.

145.    City Defendants deny the allegations of paragraph 145.

146.    City Defendants deny the allegations of paragraph 146.

147.    City Defendants deny the allegations of paragraph 147.

148.    City Defendants deny the allegations of paragraph 148.

149.    City Defendants deny the allegations of paragraph 149.

150.    City Defendants deny the allegations of paragraph 150.

151.    City Defendants deny the allegations of paragraph 151.

152.    City Defendants deny the allegations of paragraph 152.

153.    City Defendants deny the allegations of paragraph 153.

154.    City Defendants deny the allegations of paragraph 154.

155.    City Defendants deny the allegations of paragraph 155.

156.    City Defendants deny the allegations of paragraph 156.

157.    Plaintiffs' Original Complaint does not contain a paragraph numbered 157.

158.    City Defendants admit that APD supervisors were present at the scene on August 6, 2023. City Defendants lack sufficient information to admit or deny the reminding allegations in paragraph 158.

159.    City Defendants deny the allegations of paragraph 159.

160.    City Defendants admit that Chief Chacon and deputy chiefs were present at the scene in the early morning hours of August 7, 2023. Otherwise, City Defendants deny the allegations of paragraph 160.

161.    City Defendants deny the allegations of paragraph 161.

162.    City Defendants deny the allegation of paragraph 162.

163.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 163.

164.    City Defendants admit that multiple officers were at the scene on August 6, 2023. Otherwise, the City Defendants lack sufficient information to admit or deny the allegations in paragraph 164.

165.    City Defendants admit that Detective Van Buren stated, "that's the wrong frickin' house." Otherwise, City Defendants deny the allegations of paragraph 165.

166.    City Defendants admit that at approximately 9:10 p.m., Detective Jackson identified the suspected shooter's house to Officer Lindeman as Officer Lindeman was driving Detective Jackson to the medical center and that at approximately 9:22 p.m., Detective Van Buren provided

Officer Lindeman with a physical description of the suspected shooter's house. Otherwise, City Defendants deny the allegations of paragraph 166.

167.    City Defendants admit that Detective Pena told Plaintiff Glen Shield that his handcuffs should have been removed "long before." Otherwise, City Defendants deny the allegations of paragraph 167.

168.    City Defendants admit that Defendant Marisa Giglio was present when Plaintiff Mindy Shield was handcuffed. Otherwise, City Defendants deny the allegations of paragraph 168.

169.    City Defendants admit that Defendant Shane Housmans prepared the search warrant affidavit for 10100 Channel Island Drive, the content of which speaks for itself. City Defendants deny the remaining allegations of paragraph 169.

170.    City Defendants deny the allegations of paragraph 170.

171.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 171.

172.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 172 does not allege facts and therefore requires no response.

173.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 173 does not allege facts and therefore requires no response.

174.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 174 does not allege facts and therefore requires no response.

175.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 175 does not allege facts and therefore requires no response.

176.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 176.

177.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 177.

178.    Defendants admit that Plaintiffs called 911.    Otherwise, City Defendants deny the allegations of paragraph 178.

179.    Defendants admit Plaintiffs lived at 10100 Channel Island Drive.    Otherwise, City Defendants deny the allegations of paragraph 179.

180.    Defendants lack sufficient information to admit or deny the allegations in paragraph 180.

181.    City Defendants deny the allegations of paragraph 181.

182.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 182.

183.    Defendants lack sufficient information to admit or deny the allegations in paragraph 183.

184.    Defendants lack sufficient information to admit or deny the allegations in paragraph 184.

185.    City Defendants deny the allegation of paragraph 185.

186.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 186.

187.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 187.

188.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 188.

189.    City Defendants deny any alleged violation of Plaintiffs' rights.    Otherwise, paragraph 189 does not allege facts and therefore requires no response.

190.    City Defendants deny any alleged violation of Plaintiffs' rights.    Otherwise, paragraph 190 does not allege facts and therefore requires no response.

191.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 191.

192.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 192.

193.    City Defendants deny any alleged violation of Plaintiffs' rights.    Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 193.

194.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 194.

195.    Paragraph 195 contains no allegation of fact and therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 195.

196.    City Defendants deny any alleged violation of Plaintiffs' rights. Otherwise, paragraph 196 does not allege facts and therefore requires no response.

197.    City Defendants deny any alleged violation of Plaintiffs' rights. Otherwise, paragraph 197 does not allege facts and therefore requires no response.

198.    City Defendants deny the allegations of paragraph 198.

199.    City Defendants admit that the Kroll Report and the order in *Gonzalez* speak for themselves. City Defendants deny any alleged violation of Plaintiffs' rights and otherwise deny the allegations of paragraph 199.

200.    City Defendants deny the allegations of paragraph 200.

201.    City Defendants deny the allegations of paragraph 201.

202.    City Defendants admit that no officers were disciplined for the activities at Plaintiffs' residence on August 6, 2023. Otherwise, City Defendants deny the allegations of paragraph 202.

203.    City Defendants deny the allegations of paragraph 203.

204.    City Defendants admit that Chief Chacon was present at the scene during the early morning hours of August 7, 2023, with deputy chiefs. Otherwise, City Defendants deny the allegations of paragraph 204.

205.    City Defendants deny any alleged violation of Plaintiffs' rights. Otherwise, City Defendants deny the allegations in paragraph 205.

206.    City Defendants admit that Chief Chacon spoke to the media on scene in the early morning hours of August 7, 2023, and expressed gratitude to the Department of Public Safety. Otherwise, City Defendants deny the allegations of paragraph 206.

207.    City Defendants deny the allegations of paragraph 207.

208.    City Defendants deny the allegations of paragraph 208.

209.    City Defendants admit that Chief Chacon recognized the efforts of the Department of Public Safety at a press conference in the early morning hours of August 7, 2023.  Otherwise, City Defendants deny the allegations of paragraph 209.

210.    City Defendants deny the allegations of paragraph 210.

211.    City Defendants admit that Plaintiff Glen Shield contacted the City of Austin Law Department by email regarding his claim for damages. Otherwise, City Defendants deny the allegations of paragraph 211.

212.    Defendants admit that the City's claims investigator sent an email to Plaintiff Glen Shield on August 18, 2023, denying Plaintiff's claim for damages and stating that "Texas state law provides immunity from liability for property damage to local governments that engage in law enforcement and public safety functions, such as the Austin Police Department carried out in this case." Otherwise, City Defendants deny the allegations of paragraph 212.

213.    City Defendants admit that an attorney with the Institute of Justice sent a letter dated September 20, 2023, to the City Attorney the content of which speaks for itself.  Otherwise, City Defendants deny the allegations of paragraph 213.

214.    City Defendants deny any violation of constitutional rights or that compensation is required. Otherwise, paragraph 214 does not allege facts and therefore requires no response.

215.    City Defendants admit the City did not pay compensation. Otherwise, City Defendants deny the allegations of paragraph 215.

216.    City Defendants deny the allegations of paragraph 216.

217.    City Defendants admit the allegations of paragraph 217.

218.    City Defendants admit that Plaintiff Glen Shield contacted Internal Affairs by email on December 13, 2023, February 6, 2024, February 14, 2024, April 25,2024, and October 8, 2024; that that Plaintiff Glen Shield submitted an online complaint to the Office of Police Oversight on October 15, 2024; that Internal Affairs had an internal 180-day deadline of February 2, 2024; and that in response to Plaintiff Glen Shield's December 27, 2024, email to Internal Affairs, Internal Affairs emailed Mr. Shield on December 31, 2024, informing him that the case had been closed. Otherwise, City Defendants deny the allegations of paragraph 218.

219.    City Defendants admit that no officers were disciplined as a result of the Internal Affairs' investigation. Otherwise, City Defendants deny the allegations of paragraph 219.

220.    City Defendants deny the allegations of paragraph 220.

221.    City Defendants deny the allegations of paragraph 221.

222.    City Defendants deny the allegations of paragraph 222

223.    City Defendants deny the allegations of paragraph 223.

224.    City Defendants deny the allegations of paragraph 224.

225.    City Defendants deny that APD engaged in any excessive force. Otherwise, the City Defendants lack sufficient information to admit or deny the allegations of paragraph 225.

226.    City Defendants deny the allegations of paragraph 226.

227.    City Defendants admit that Defendant Peter Kovach was informed of Plaintiffs' detention. Otherwise, City Defendants deny the allegations of paragraph 227.

228.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 228.

229.    City Defendants confirm that neither Defendant Hugh Butler nor Defendant Marisa Giglio ordered the release of Plaintiffs from custody. Otherwise, City Defendants deny the allegations of paragraph 229.

230.    City Defendants deny the allegations of paragraph 230.

231.    City Defendants deny the allegations of paragraph 231.

232.    City Defendants deny the allegations of paragraph 232.

233.    City Defendants deny the allegations of paragraph 233.

234.    City Defendants deny the allegations of paragraph 234.

235.    City Defendants deny the allegations of paragraph 235.

236.    City Defendants deny the allegations of paragraph 236.

237.    City Defendants deny the allegations of paragraph 237.

238.    City Defendants deny the allegations of paragraph 238.

239.    City Defendants deny any alleged violation of Plaintiffs' rights stated in paragraph 239.

240.    City Defendants admit that Plaintiffs were placed in separate APD patrol vehicles. Otherwise, City Defendants deny the allegations of paragraph 240.

241.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 241.

242.    City Defendants deny the allegations of paragraph 242.

243.    City Defendants deny the allegations of paragraph 243.

244.    City Defendants admit that Chief Chacon stated in his press conference at the scene in the early morning hours of August 7, 2023, that the Department of Public Safety helped APD "stabilize this scene."  Otherwise, City Defendants deny the allegations of paragraph 244.

245.    City Defendants deny the allegations of paragraph 245.

246.    City Defendants admit that at the press conference at the scene in the early morning hours of August 7, 2023, Chief Chacon stated that the body camera footage of the officers involved in the shooting would be released within 10 working days. City Defendants admit that APD publishes general orders that speak for themselves.

247.    City Defendants deny the allegations of paragraph 247.

248.    City Defendants deny the allegations of paragraph 248.

249.    City Defendants admit that APD did release the body camera footage from both Detective Van Buren and Detective Jackson.  Otherwise, City Defendants deny the allegations of paragraph 249.

250.    City Defendants deny the allegations of paragraph 250.

251.    City Defendants deny the allegations of paragraph 251.

252.    City Defendants deny the allegations of paragraph 252.

253.    City Defendants deny the allegations of paragraph 253.

254.    City Defendants deny the allegations of paragraph 254.

255.    City Defendants deny the allegations of paragraph 255.

256.    City Defendants deny the allegations of paragraph 256.

257.    City Defendants deny the allegations of paragraph 257.

258.    City Defendants deny the allegations of paragraph 258.

259.    Paragraph 259 contains no allegation of fact and therefore requires no response.  Otherwise, City Defendants deny the allegations of paragraph 259.

260.    City Defendants deny the allegations of paragraph 260.

261.    City Defendants deny the allegations of paragraph 261.

262.    City Defendants deny the allegations of paragraph 262.

263.    City Defendants deny the allegations of paragraph 263.

264.    City Defendants admit that Chief Chacon and deputies were on scene in the early morning hours of August 7, 2023. Otherwise, City Defendants deny the allegations of paragraph 264.

265.    City Defendants deny the allegations of paragraph 265.

266.    Paragraph 266 contains no allegation of act therefore requires no response. Otherwise, City Defendants deny the allegations of paragraph 266.

267.    City Defendants deny the allegations of paragraph 267.

268.    City Defendants deny the allegations of paragraph 268.

269.    City Defendants deny the allegations of paragraph 269.

270.    City Defendants deny the allegations of paragraph 270.

271.    City Defendants deny the allegations of paragraph 271.

272.    City Defendants deny the allegations of paragraph 272.

273.    City Defendants deny the allegations of paragraph 273.

274.    City Defendants deny the allegations of paragraph 274.

275.    City Defendants deny the allegations of paragraph 275.

276.    City Defendants deny the allegations of paragraph 276.

277.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 277.

278.    City Defendants lack sufficient information to admit or deny the allegations in paragraph 278.

279.    City Defendants deny the allegations of paragraph 279.

280.    City Defendants deny the allegations of paragraph 280.

281.    City Defendants deny the allegations of paragraph 281.

282.    City Defendants deny the allegations of paragraph 282.

283.    City Defendants deny the allegations of paragraph 283.

284.    City Defendants deny the allegations of paragraph 284.

285.    City Defendants deny the allegations of paragraph 285.

286.    City Defendants deny the allegations of paragraph 286.

287.    City Defendants deny the allegations of paragraph 287.

288.    City Defendants deny the allegations of paragraph 288.

289.    City Defendants deny the allegations of paragraph 289.

290.    City Defendants deny the allegations of paragraph 290.

291.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 291 does not allege facts and therefore requires no response.

292.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 292 does not allege facts and therefore requires no response.

293.    City Defendants deny the allegations of paragraph 293.

294.    City Defendants deny the allegations of paragraph 294.

295.    City Defendants deny the allegations of paragraph 295.

296.    Paragraph 296 contains no allegations of fact therefore requires no response.  Otherwise, City Defendants deny the allegations of paragraph 296.

297.    City Defendants deny the allegations of paragraph 297.

298.    City Defendants deny the allegations of paragraph 298.

299.    City Defendants deny the allegations of paragraph 299.

300.    City Defendants deny that Plaintiffs were unlawfully detained.  Otherwise, City Defendants lack sufficient information to admit or deny the allegations in paragraph 300.

301.    City Defendants admit that Officer Lindeman spoke with both Detective Van Buren and Detective Jackson to confirm the address of the suspect shooter.  Otherwise, City Defendants deny the allegations of paragraph 301.

302.    City Defendants admit that Detective Pena told Plaintiff Glen Shield that his handcuffs should have been removed "long before."  Otherwise, City Defendants deny the allegations of paragraph 302.

303.    City Defendants deny the allegations of paragraph 303.

304.    City Defendants deny the allegations of paragraph 304.

305.    City Defendants deny the allegations of paragraph 305.

306.    City Defendants deny the allegations of paragraph 306.

307.    City Defendants deny the allegations of paragraph 307.

308.    City Defendants deny the allegations of paragraph 308.

309.    City Defendants deny the allegations of paragraph 309.

310.    Paragraph 310 contains no allegation of fact and therefore requires no response.  Otherwise, City Defendants deny the allegations in paragraph 310.

311.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 311 does not allege facts and therefore requires no response.

312.    City Defendants deny the allegations in paragraph 312.

313.    City Defendants deny any alleged violation of Plaintiffs' rights.  Otherwise, paragraph 313 does not allege facts and therefore requires no response.

314.    City Defendants deny the allegations of paragraph 314.

315.    City Defendants deny the allegations of paragraph 315.

316.    City Defendants deny the allegations of paragraph 316.

317.    Paragraph 317 contains no allegation of fact and therefore requires no response.  Otherwise, City Defendants deny the allegations in paragraph 317.

318.    City Defendants deny the allegations of paragraph 318.

319.    City Defendants deny the allegations of paragraph 319.

320.    City Defendants deny the allegations of paragraph 320.

321.    City Defendants deny the allegations of paragraph 321.

322.    Paragraph 322 contains no allegation of fact and therefore requires no response.  Otherwise, City Defendants deny the allegations in paragraph 322.

323.    City Defendants deny the allegations of paragraph 323.

324.    City Defendants deny the allegations of paragraph 324.

325.    City Defendants deny the allegations of paragraph 325.

326.    Paragraph 326 contains no allegation of fact and therefore requires no response.  Otherwise, City Defendants deny the allegations in paragraph 326.

327.    City Defendants deny the allegations of paragraph 327.

328.    City Defendants deny the allegations of paragraph 328.

329.    City Defendants deny that Plaintiffs are entitled to recover actual damages.

330.    City Defendants lack sufficient information to admit or deny that Plaintiffs have sought psychological treatment.  Otherwise, City Defendants deny the remaining allegations of paragraph 330.

331.    City Defendants admit that Plaintiffs request damages but deny that Plaintiffs are entitled to the relief requested.

332.    In response to paragraph 332, City Defendants admit Plaintiffs demand a trial by jury.

## AFFIRMATIVE DEFENSES

333.    City Defendants assert the affirmative defense of qualified/official immunity for employee actions taken in the course and scope of employment with the City of Austin.

334.    City Defendants assert the affirmative defense of governmental immunity for the City of Austin.

335.    Plaintiffs cannot recover punitive damages against Defendant City of Austin as it is a political subdivision.

336.    City Defendants reserves the right to assert additional affirmative defenses as they become apparent.

## PRAYER

WHEREFORE PREMISES CONSIDERED, City Defendants pray that all relief requested by Plaintiffs be denied and all claims against City Defendants be dismissed, and for costs, attorney's fees, and any additional relief to which it is entitled at law or equity.

Respectfully submitted,

/s/ Daniel R. Richards
Daniel R. Richards
State Bar No. 00791520
drichards@rrsfirm.com
Clark Richards
State Bar No. 90001613
crichards@rrsfirm.com
Katharine Lee Carmona
State Bar No. 00787399
kcarmona@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
611 West 15th Street
Austin, Texas 78701
Telephone: (512) 476-0005

**ATTORNEYS FOR DEFENDANTS
THE CITY OF AUSTIN, HUGH BUTLER,
PETER KOVACH, SHANE HOUSMANS, AND
MARISA GIGLIO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed through the CM/ECF system on October 14, 2025. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Lamar D. Treadwell
1308 E. Common St., Suite 205
New Braunfels, Texas 78132
Lamar@treadwelltriallaw.com

Christopher Lee Lindsey
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
christopher.lindsey@oag.texas.gov

Jarrod L. Smith
jarrod@smithandvinson.com
Brad Vinson
brad@smithandvinson.com
Elise Smith
Elise@smithandvinson.com
Smith & Vinson Law Firm
1411 West Avenue, #124
Austin, Texas 78701

/s/ Daniel R. Richards
**DANIEL R. RICHARDS**